UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMES M. FOSTER<br>Calle de Finca<br>San Pedro La Laguna<br>Sololá, Guatemala<br><br>　　　　　Petitioner,<br><br>　　and<br><br>ERICKA K. FOSTER<br>10895 Diamond Circle<br>Blue Mounds, WI 53517-9580<br><br>　　　　　Respondent. | Case No.: 19-cv-656 |
| **VERIFIED PETITION FOR RETURN OF CHILDREN<br>UNDER THE HAGUE CONVENTION ON CIVIL REMEDIES<br>FOR INTERNATIONAL CHILD ABDUCTION** | |

Petitioner, James M. Foster ("James"), through his attorneys, Boardman & Clark LLP, by Rhonda R. Hazen, petitions the Court for an order requiring the immediate return of the parties' three minor children to San Pedro La Laguna, Sololá, Guatemala. This Petition is supported by the following allegations:

## I.　　PREAMBLE

1.　　This Petition is brought by James to secure the return of his three minor children, S.A.F. (age 10), H.J.F. (age 6) and N.M.F. (age 4) who were removed from Guatemala without his permission or legal authorization and who have been wrongfully retained in the United States by the children's mother, Ericka K. Foster ("Ericka").

2.　　This Petition is brought pursuant to the Hague Convention of 25 October 1980 on the Civil Aspects of International Child Abduction, which came into effect in the United States on July 1, 1988, and in Guatemala on January 1, 2008 (the "Hague Convention"), the

International Child Abduction Remedies Act, 22 U.S.C. Sec. 9001 *et seq*., (the "ICARA") and Ch. 782, Wis. Stats.

3. The objectives of the Hague Convention include: (1) securing the prompt return of a child wrongfully removed to or wrongfully retained in any Contracting State; and (2) ensuring that rights of custody and access under the law of one Contracting State are effectively respected in other Contracting States. Hague Convention, art. 1.

4. The Hague Convention applies to any child under the age of sixteen (16) who has been removed from his or her habitual residence in breach of a petitioner's rights of custody, which the Petitioner had been exercising at the time of the wrongful removal or wrongful retention of the child. Hague Convention, arts. 3 and 4.

## II. JURISDICTION

5. Pursuant to ICARA, 22 U.S.C. § 9003(a), state courts and United States district courts have concurrent original jurisdiction of actions arising under the Hague Convention.

6. This Court has jurisdiction over this matter pursuant to 22 U.S.C. § 9003 because this case involves the wrongful removal and wrongful retention of three children under the age of 16 from their habitual residence of San Pedro La Laguna, Sololá, Guatemala, to the United States of America. This wrongful removal and wrongful retention occurred less than one year ago.

7. Upon information and belief, upon the filing this Petition, the children and Ericka have very recently been staying in Dane County, Wisconsin, thereby warranting the United States District Court for the Western District of Wisconsin's exercise of jurisdiction.

8. As shown below, all of the criteria for relief under The Hague Convention and ICARA are satisfied in this case.

2

## III.     STATUS OF PETITIONER AND CHILDREN

10.     James and Ericka are the biological parents of S.A.F., H.J.F., and N.M.F., who were born on November 18, 2008, July 27, 2012 and June 2, 2015, respectively.

11.     James and Ericka married on June 2, 2002 in Dodgeville, Wisconsin. They have been married for 17 years.

12.     James and Ericka made their living together as owners and operators of a real estate development company, Narrow Gate Properties LLC. Through this company, James and Ericka built and sold homes together in Idaho.

13.     In October 2016, James and Ericka moved with their children from Idaho to San Pedro La Laguna, Sololá, Guatemala, where they lived for approximately 5 weeks.

14.     After traveling and briefly staying in Mexico and Belize, James and Ericka, permanently relocated their family to San Pedro La Laguna, Sololá, Guatemala in January 2017. Together, they made the decision to live and raise their children in that area of Guatemala.

15.     Thereafter, James and Ericka purchased property in San Pedro La Laguna, Sololá, Guatemala, and built their current home on that property. James and Ericka also constructed some "tiny homes" on that same property in order to generate income. They rented the tiny homes through Airbnb.com.

16.     In addition to his work in constructing the family's home and the rental units on the property, James cared for the children, educated the children, cooked for the family, cleaned and maintained their home, and also studied real estate investing to help maintain the family's standard of living.

17.     On or about February 9, 2019, James travelled to Guatemala City to pick up family friends at the airport. James returned on or about February 10, 2019, and found that Ericka and the children, and the majority of the family possessions, were gone. James attempted

to contact Ericka, but was unsuccessful. Later, James discovered that Ericka took the children on a flight out of Guatemala and travelled to Wisconsin.

18. James did not consent to Ericka removing the children from Guatemala or taking them to the United States.

19. Upon information and belief, since February, Ericka has kept the children with her in her mother's home in Blue Mounds, Dane County, Wisconsin. James continues to live in Guatemala and resides in the home that he and Ericka built for their family.

20. Since February, James has had very minimal communication with his children because Ericka has restricted the children's ability to contact and communicate with him.

21. On April 5, 2019, James filed a divorce action in Bonner County, Idaho. That action was ultimately dismissed. On April 17, 2019, Ericka filed a Petition for Legal Separation and Order to Show Cause for Temporary Order with the Dane County Circuit Court, in Wisconsin (Circuit Court Case No. 19FA612). That action remains pending.

22. In her pleadings filed with the Dane County Circuit Court, Ericka included an Affidavit in which she stated: "For more than two years prior to February 14, 2019, the family resided in Guatemala. We own rental property there, which we lease through Air B&B." Affidavit of Ericka Foster, ¶ 2. (A copy of Ericka's Affidavit is attached as Exhibit A).

23. James travelled from Guatemala to Wisconsin to attend a temporary order hearing held by Dane County Circuit Court Commissioner Jason Hanson, on June 28, 2019. Prior to the hearing, James consented to the Wisconsin Court exercising jurisdiction over the children so that he could request an order that the children be returned to their home in San Pedro, La Laguna, Sololá, Guatemala.

24. At the hearing, the Court Commissioner concluded that the Wisconsin court did not have jurisdiction over legal custody and physical placement of the children because

4

Guatemala was the children's home state under the Uniform Child Custody Jurisdiction and Enforcement Act. The Court Commissioner reached this conclusion, in part, based on his findings that James continues to live in Guatemala and that Ericka would have continued to live in Guatemala if she had not decided to abruptly leave in February. (A copy of the Temporary Order signed by the Court Commissioner on July 5, 2019 is attached as Exhibit B).

25. Ericka requested a *de novo* review of the Court Commissioner's Temporary Order, and the *de novo* hearing is scheduled to take place in Dane County Circuit Court, Wisconsin, on September 6, 2019.

26. James seeks the immediate return of S.A.F., H.J.F., and N.M.F. to Guatemala.

### IV.   HABITUAL RESIDENCE OF THE CHILDREN AND JAMES' RIGHTS OF CUSTODY

27. Prior to February 2019, S.A.F., H.J.F., and N.M.F. had lived with and had been raised by both Ericka and James throughout their lives.

28. From January 2017 until February 2019, S.A.F., H.J.F., and N.M.F. lived with both James and Ericka in the San Pedro La Laguna, Sololá, Guatemala.

29. Prior to their move to Guatemala, James and Ericka sold their home in Idaho. The only real estate that James and Ericka currently own in the United States consists of two rental properties located in Idaho.

30. The children's clothing, toys and personal possessions, school supplies, artwork, passports, and birth certificates were located in their home in Guatemala until Ericka removed them in February 2019.

31. While living in San Pedro La Laguna, Sololá, Guatemala, the children formed friendships and made connections with adults and other children in and around their home. They spent their days living with and being cared for by their parents in San Pedro La Laguna.

5

32. The children frequently went to the local market with their parents in Guatemala, walked along beaches with their parents, played soccer with neighbors, were educated and obtained necessary medical care in Guatemala. They had friends and spent time with their parents, and other children and adults near their home.

33. Ericka and James together homeschooled the three children. Ericka taught them science and art, and James taught them math and reading. In addition, in 2018, Ericka and James enrolled S.A.F. in formal education in Guatemala. S.A.F. also joined a soccer team, made local friends, and learned Spanish.

34. James provided continuous care for S.A.F., H.J.F., and N.M.F., in Guatemala, including:

    a. Exercising joint decision-making authority with Ericka over important aspects of S.A.F., H.J.F., and N.M.F.'s lives.

    b. Sharing his home with S.A.F., H.J.F., and N.M.F.

    c. Providing financially for S.A.F., H.J.F., and N.M.F.'s needs.

    d. Continuing extensive involvement in S.A.F., H.J.F., and N.M.F.'s care and upbringing.

    e. Providing for S.A.F., H.J.F., and N.M.F.'s day to day needs.

    f. Homeschooling S.A.F., H.J.F., and N.M.F.

    g. Feeding S.A.F., H.J.F., and N.M.F., reading to them, playing with them, ensuring their safety and security, and promoting their overall well-being.

### V. REMOVAL OF S.A.F., H.J.F., AND N.M.F. WAS WRONGFUL BECAUSE IT BREACHED JAMES' RIGHTS OF CUSTODY

35. The Civil Code of Guatemala conveys on married parents equal custody rights over their children.

a. Article 109 of the Code provides: "The conjugal representation corresponds equally to both spouses, who will have equal authority and considerations in the home; by common agreement they will determine the place of the residence and arrange everything related to the education and establishment of the children and the family economy. In the case of divergence between the spouses, the family judge will decide to whom it belongs."

b. Article 110 of the Code provides in relevant part: "Both spouses have the obligation to care for and care for [sic] their children, during the minority of the latter." (Relevant portions of the Civil Code are attached as Exhibit C.)

36. James consistently exercised his rights of custody, as the children's father, over S.A.F., H.J.F., and N.M.F. He was exercising those rights of custody in Guatemala when Ericka wrongfully removed the children to the United States.

37. James did not authorize Ericka to remove S.A.F., H.J.F., and N.M.F. from Guatemala to travel to the United States.

38. James does not consent to S.A.F., H.J.F., and N.M.F. continuing to stay in the United States.

39. James seeks S.A.F., H.J.F., and N.M.F.'s immediate return to Guatemala where the Guatemalan court can determine S.A.F., H.J.F., and N.M.F.'s future custody.

## VI.   ATTORNEY FEES AND COSTS (22 U.S.C. § 9007)

40. To date, James has incurred attorneys' fees and costs as a result of the wrongful removal and retention of the children by Ericka.

41. James respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date and in the future, as required by 22 U.S.C. § 9007.

### VII.   NOTICE OF HEARING (22 U.S.C. § 9003(c))

42.   Pursuant to 22 U.S.C. § 9003(c), Ericka shall be given notice of these proceedings in accordance with the laws governing notice in interstate child custody proceedings.

WHEREFORE, the Petitioner, James Foster, prays for the following relief:

A. The scheduling of an expedited evidentiary hearing on the merits of this Petition;

B. An order prohibiting the removal of the children from the jurisdiction of this Court pending a hearing on the merits of this Petition;

C. An order requiring that the children be returned to Guatemala;

D. An order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs;

E. An Order that pursuant to Article 16 of the Hague Convention, the state court proceedings related to custody of the children be stayed; and

F. For any further relief as may be just and appropriate under the circumstances of this case.

Dated: August 8, 2019.

        BOARDMAN & CLARK LLP
        By:
        *Electronically signed by Rhonda R. Hazen*
        Rhonda R. Hazen, SBN: 1027696
        Attorneys for Petitioner
        P.O. Box 927
        Madison, WI 53701-0927
        Phone: 608/257-9521

## **VERIFICATION**

I am the attorney for James M. Foster; I make this verification of behalf of James because he is absent from the State of Wisconsin, United States of America; the above document is true based on statements and documents submitted to me by James or agents on his behalf, except as to the matters that are stated in it on my information and belief and as to those matters I believe it to be true. I declare under perjury under the laws of the State of Wisconsin that the foregoing is true and correct to the best of my knowledge.

Dated: August 8, 2019.

                                            BOARDMAN & CLARK LLP
                                            By:

                                            *Electronically signed by Rhonda R. Hazen*
                                            Rhonda R. Hazen, SBN: 1027696
                                            Attorneys for Petitioner
                                            P.O. Box 927
                                            Madison, WI 53701-0927
                                            Phone: 608/257-9521