IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES M. FOSTER,

                Petitioner,                            ORDER

v.

                                                          19-cv-656-wmc

ERICKA K. FOSTER,

                Respondent.

---

        This case, in which petitioner seeks an order of return of children under the Hague Convention, is set for a trial to the court commencing December 4, 2019. In advance of the court's final pretrial conference scheduled for this afternoon, the court issues the following opinion and order on petitioner's motion to strike respondent's expert. For the reasons explained below, the court will deny the motion, although it will seek input from the petitioner in an effort to ameliorate any arguable prejudice.

        The preliminary pretrial conference order set October 21, 2019, as the deadline for disclosure of proponent experts. (Dkt. #8 at ¶ 1.) On that day, respondent filed an "expert witness disclosure" for M. Gabriella, Torres, Ph.D., in which she states that "Dr. Torres will be called to testify regarding county conditions in Guatemala, including, but not limited to, rates of violent crime, the failure of governance (including judicial system failures), and institutional corruption." (Resp.'s Discl. (dkt. #9) 1.) Professor Torres' CV is also attached to the disclosure.

        Petitioner seeks to exclude Torres' testimony because respondent failed to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B), which provides in relevant part:

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Petitioner also argues that excluding her testimony is warranted because the failure to comply with Rule 26(a)(2)(B) is not substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). As for it not being justified, petitioner points out that the parties agreed to these deadlines during the preliminary pretrial conference and that respondent "had an extra two and a half weeks to provide her expert witness' opinions and report but still did not meet the deadline for doing so." (Pet.'s Mot. to Strike (dkt. #19) 2.)[1] As for the harm to petitioner, he argued that without Torres' opinion, he did not have the information needed to evaluate whether he needed to name a respondent expert or otherwise prepare to rebut her testimony at trial.

Respondent argues that Professor Torres is not a witness who must provide a written report because she is offering her opinion in the matter on a pro bono basis. (Resp.'s Opp'n

---

[1] Although not material, the court assumes that the parties agreed to this extension.

(dkt. #34) 1.) There appears to be some support for this position. *See Lewis v. PDV Am., Inc.*, 247 F.R.D. 544, 547 (N.D. Ill. 2007) ("CITGO responds that it doubts that Puchalski works for free. Based on plaintiffs' representation that Puchalski is not 'retained or specifically employed' for this case, they need not provide a report for him."). However, this court previously rejected a similar argument for the reasons explained extensively in *Brainstorm Interactive, Inc. v. School Specialty, Inc.*, No. 14-cv-050, 2014 WL 5817327, at *2-3 (W.D. Wis. Nov. 10, 2014) (citing *Innogenetics, N.V. v. Abbot Labs.*, 578 F. Supp. 2d 1079, 1089 (W.D. Wis. 2007), *rev'd on other grounds*, 512 F.3d 1363 (Fed. Cir. 2008)).[2] As the court explained in that opinion, the better reading of "retained or specially employed" includes experts who were "recruited to testify without the promise of monetary compensation," but is meant to exclude other individuals (e.g., treating physicians or an employee of a party, who were not retained for the litigation). *Id.*

Finding respondent was required to comply with Rule 26(a)(2)(B) in disclosing Torres and that the provided "disclosure" fails to satisfy that rule, however, the question remains whether the court should strike Torres's testimony altogether under Rule 37(c)(1) or provide for some more limited remedy. Respondent contends that her failure to comply with Rule 26(a)(2)(B) is both harmless and substantially justified. Specifically, respondent points out that petitioner has been on notice since her answer to the petition that she opposes the return of their children to Guatemala based on a grave risk defense, including that "Guatemala is experiencing a humanitarian crisis characterized by high rates of

---

[2] In fairness, there was some suggestion that the experts in *Brainstorm* had expectations of future work for the party that named them, but the court did not rely on this fact in concluding that the disclosure requirements in Rule 26 had not been met. *Id*. at 2n2.

homicide, sexual and gender-based violence, violent crime and corruption." (Answ. (dkt. #6) 14.) Furthermore, petitioner did not object to the adequacy of the expert disclosure at the time it was made nor otherwise indicate that he sought to conduct a deposition or seek discovery. As for justification, respondent asserts that the limited disclosure was justified (1) in light of the expedited schedule in this case, (2) by the parties' related willingness to accommodate the other side generally, (3) Professor Torres' agreement to testify on a pro bono basis, and (4) by respondent's reluctance to demand more of her time. Finally, respondent mentions that the parties attempted to resolve this issue, and she offered to exclude Torres' testimony about Guatemalan courts to the extent this addressed petitioner's main concern with the lack of disclosure. (Resp.'s Br. (dkt. #34) 4.)

Typically, the failure to meet the required disclosures under Rule 26(a)(2)(B) would result in exclusion of a witness's expert testimony for the reasons articulated by petitioner. *See, e.g.*, *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642-43 (7th Cir. 2008) (failure to disclose not harmless or substantially justified under Rule 37(c)(1)). However, there is nothing typical about this case, beginning with its expedited nature as required by the Hague Convention. Moreover, the court can understand respondent's reluctance to demand more of an expert who has agreed to appear without compensation. Finally, there is the practical consideration that the court may otherwise be compelled to appoint its own neutral expert or rely on other secondary sources exclusively in understanding conditions in Guatemala. In combination, the court finds these reasons substantially justify respondent's failure to meet the disclosure requirements of Rule 26(a)(2)(B).

Still, there is the question of petitioner's right to greater discovery. If petitioner wishes, the court would be willing to postpone the trial to permit a deposition of Torres and an opportunity to name a rebuttal expert. At minimum, the court agrees that Torres's testimony should be narrowed to the specific issues before the court, and it would be open to further limitations to ameliorate any prejudice to petitioner. The court will discuss this issue with the parties during the final pretrial conference.

ORDER

IT IS ORDERED that petitioner James M. Foster's motion to quash/exclude expert testimony and report (dkt. #18) is DENIED subject to the conditions set forth above.

Entered this 22nd day of November, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge